UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| EDITH MAE LAYNE, Plaintiff, | ) | Civil Action No. 5: 13-363-DCR |
| V. | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, Defendant. | ) | **MEMORANDUM ORDER** |

*** *** *** ***

On October 25, 2013, Plaintiff Edith Mae Layne sought review of the Social Security Administration's denial of her application for a period of disability and disability insurance benefits. [Record No. 1] On May 9, 2014, the Court remanded the case for further administrative proceedings and development of the record pursuant to sentence four of 42 U.S.C. § 405(g). [Record No. 14] Thereafter, on April 3, 2015, notice was sent to Layne indicating that ALJ Bonnie Kittinger had reviewed the case and made a fully favorable decision. [Record No. 15-1]

On May 26, 2015, the plaintiff's attorney Wolodymyr Cybriwsky moved the Court for attorney's fees under 42 U.S.C. § 406(b) and for leave to file the ALJ's favorable decision. [Record Nos. 15, 16] However, the Court denied these motions as premature, finding that there was no evidence demonstrating that the ALJ's favorable decision was final or showing the total of the plaintiff's past-due benefits. [Record No. 17] Attorney

Cybriwsky has now moved again for attorney's fees under 42 U.S.C. § 406(b) [Record No. 18], and for leave to file the fully favorable decision. [Record Nos. 19, 20]

The current motion for attorney's fees suffers from similar deficiencies as Cybriwsky's earlier motion. He requests attorney's fees in the amount of $3,950.00[1] as a result of a purported past-due benefits award of $15,800.00. [Record No. 18-2] But again, he provides no concrete evidence supporting the amount of past-due benefits asserted. Instead, he simply states: "The Social Security Administration queries who had previously indicated that they intended to pay Ms. Layne now believe that about $15,800.00 is due to Ms. Layne which represents her gross backpay." [*Id.* at p. 1]

Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." By providing no concrete information supporting the asserted past-due benefits and simply stating that he "believe[s] that about $15,800.00" represents 25 percent of the award, the Court is again unable to determine if the award sought is permissible under the statute. Without evidence of the final award of past-due benefits the Court cannot determine the amount equal to 25 percent of the award. Therefore, it is inappropriate for the Court to consider the amount of attorney's fees at this time.

---

1 The Court notes that the amount of $3,950.00 is a far cry from the previous motion for fees which requested $12,000.00. However, at the end of the current Amended Memorandum in Support of an Attorney Fee, Cybriwsky again requests a sum of $12,000.00. [Record No. 18-2, p. 5]

Finally, leave to file the ALJ's favorable decision is not warranted. [Record Nos. 19, 20] As outlined in the Court's previous Order [Record No. 17], the ALJ's favorable decision is subject to review by the Appeals Council within 60 days after the date of decision. Although 60 days have now past, no evidence has been provided to support that the Appeals Council has not decided to review the decision resulting in it becoming final. Further, and more importantly, the ALJ's favorable decision does not provide evidence of the final award of past-due benefits which is integral to deciding whether an award of attorney's fees under § 406(b) is proper. Accordingly, it is hereby

**ORDERED** as follows:

1. Attorney Wolodymyr Cybriwsky's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) [Record No. 18] is **DENIED**, without prejudice.

2. Plaintiff's Second Motion to Submit Favorable Decision [Record No. 19] is **DENIED**.

3. Plaintiff's Motion for Leave to File a Document [Record No. 20] is **DENIED**.

This 24th day of June, 2015.




**Signed By:**
***Danny C. Reeves*** DCR
**United States District Judge**