UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| EDITH MAE LAYNE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 13-363-DCR |
| ) | |
| V. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b). [Record No. 22] Section 406(b) provides for the direct payment of attorney's fees from a claimant's past due benefits, limiting the fees to twenty-five percent of those benefits. For the reasons described below, the motion will be granted, in part, and denied, in part.

**I.**

On October 25, 2013, Plaintiff Edith Layne sought review of the Social Security Administration's ("SSA") denial of her application for a period of disability and disability insurance benefits. [Record No. 1] On May 9, 2014, under 42 U.S.C. § 405(g), the Court remanded the case for further administrative proceedings and development of the record. [Record No. 14] Thereafter, on April 3, 2015, the SSA sent notice to Layne that Administrative Law Judge ("ALJ") Bonnie Kittinger had reviewed the case and had issued a

decision favorable to Layne. [Record No. 15-1] Lane's counsel, Wolodymyr Cybriwsky, now requests an award of attorney's fees under 42 U.S.C. § 406(b)(1) for services provided in connection with Lane's initial appeal. [Record No. 26]

**II.**

Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled by reason of such judgment." For calculating attorney's fees, 20 C.F.R. § 404.1703 provides that past due benefits are the "total amount of benefits *payable* . . ." (emphasis added). In other words, the Commissioner does not use the gross amount of past due benefits for the calculation of attorney's fees. *Detson v. Schweiker*, 788 F.2d 372, 375 (6th Cir. 1986). Instead, she uses the net amount of past due benefits, which is found by applying certain deductions to the gross amount. *Id.* (holding that past due benefits subject to withholding for attorney's fees must be reduced by Social Security Income); *see also Cloyd v. Weinberger*, 527 F.2d 1167, 1168 (6th Cir. 1975) (involving offset for worker's compensation).

The Court has the authority to award related fees under the statute even where the award of benefits was made by the Commissioner upon remand. *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). In circumstances where the amount of fees sought is within the twenty-five percent cap, the attorney must still demonstrate that the fee requested is reasonable for the services rendered, and "[i]f the

benefits are large in comparison to the amount of time spent by counsel of the case, a downward adjustment [may be] in order." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798–808 (2002).

In determining reasonableness, the Court should consider: (i) the character of the representation; (ii) the results achieved; (iii) whether the attorney was responsible for any delay; (iv) the amount of time spent on the case; and (v) the attorney's normal hourly billing rate for non-contingent fee cases. *Id.* However, deductions in fee requests are permissible under only two circumstances: "'(1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.'" *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420–21 (6th Cir. 1990) (quoting *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)).

Under § 406(b), a fee award is not improper solely because it results in an elevated hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981–82 (6th Cir. 1990). As the United States Court of Appeals for the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.*

Further, the Court notes that, "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422 (citing *Rodriguez*, 865 F.2d at 744). In assessing the standard rate, the Court looks to 28 U.S.C. § 2412(d)(2), which permits attorney fee awards up to $125 per hour prior to any adjustments for cost of living or special factors.

When the SSA fails to withhold attorney fees, instead releasing them with the past due benefits to the plaintiff, the United States government has no liability for their payment. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983) (reasoning that § 406(b) cannot be construed as a waiver of sovereign immunity). Rather, the attorney's remedy is to contact the plaintiff directly to arrange for payment of the fee. PROGRAM OPERATIONS MANUAL SYSTEM GN 03920.055(D) (2014).[1] Should that action fail, then the administration will institute overpayment proceedings against the plaintiff. *Watkins v. Astrue*, No. 08-163-JBC, 2012 WL 4748826, at *3 (E.D. Ky. Oct. 4, 2012).

### III.

#### A. Fee Agreement

The fee agreement between Plaintiff Layne and Attorney Cybriwsky states that the plaintiff agrees to pay a sum equal to "twenty-five (25) percent of past due benefits awarded

---

1 While POMS GM 03820.055(E) states that the SSA is authorized to pay the attorney the maximum amount SSA should have made in direct payment from the past due benefits, the Court cannot order such payment because administrative regulations cannot waive sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 215–16 (1983).

to me and my family in the event the case is won. . . . No attorney fee will be charged if we do not win this case." [Record No. 16-2] Because the fee term in this agreement does not exceed twenty-five percent of the total amount of past due benefits, it is proper under 42 U.S.C. § 406(a)(2)(A).[2] Regardless of the existence of a fee agreement, the Court may only award attorney's fees in the amount of twenty-five percent of the past due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A).

### B. Proper Attorney's Fees Calculation

Cybriwsky claims that the plaintiff was awarded total past due benefits of $15,798.10. [Record No. 22, p. 1] As a result, he requests attorney's fees of $3,949.53, which constitute twenty-five percent of that figure. [*Id.*] Cybriwsky appears to implicitly assert that the attorney's fee calculation should be based on the gross amount of past due benefits owed to the plaintiff.[3] In response, the Commissioner contends that attorney's fees are calculated from the amount *payable* to the plaintiff in the Notice of Award, which states that $14,103.00 in past due benefits were payable to the plaintiff and that $3,525.75 of this award constituted attorney's fees. [Record No. 26, p. 2; Record No. 24-1, p. 2]

---

[2] 42 U.S.C. § 406(a)(2)(A)(ii)(II) also requires that the fee not exceed $4,000. Attorney Cybriwsky requests less than $4,000, so that provision is not at issue in this case.

[3] Attorney Cybriwsky asserts that past due benefits amounted to $15,800.00, pointing to the monthly benefit amounts on the Notice of Award. [Record No. 18-2, p. 9; Record No. 24-1, p. 1] However, the Notice states that these monthly amounts are subject to deductions for Medicare, worker's compensation, and other benefits. [Record No. 24-1, p. 1] They are further reduced by the effects of rounding to the nearest dollar. [*Id.*]

The latter position is the correct one. *Detson v. Schweiker*, 788 F.2d 372, 375 (6th Cir. 1986); *Cloyd v. Weinberger*, 527 F.2d 1167, 1168 (6th Cir. 1975). Even if Cybriwsky and the plaintiff intended in their agreement to calculate attorney's fees from the gross amount of past due benefits, the Court cannot award fees in excess of the proscription in 42 U.S.C. § 406(b)(1). *See, e.g.*, *Pappas v. Bowen*, 863 F.2d 227, 228 (2nd Cir. 1988). Thus, Attorney Cybriwsky is entitled to no more than $3,525.75 in attorney's fees.

    **C.**    **Reasonableness of the Award**

The Court also considers whether an award of $3,525.75 is reasonable for the services rendered. Here, Attorney Cybriwsky obtained a favorable decision for his client, spending 31.50 hours on her case. An award of $3,525.75 translates to an hourly fee of $112.02. This Court has found higher awards to be reasonable. *See Miller v. Colvin*, Civil Action No. 2:13-113-DCR (E.D. Ky. May 13, 2015) (resulting in hourly rate of $700.00 per hour under § 406(b)); *Lockridge v. Astrue*, Civil Action No. 04-499-JBC, 2009 WL 127668 (E.D. Ky. Jan. 16, 2009) (finding an hourly rate of $702.13 to be reasonable). Moreover, hourly rates less than twice the standard hourly rate are *per se* reasonable. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990). Further, the Commissioner has not offered any reason for a deduction due to improper conduct or a windfall. *Hayes*, 923 F.2d at 420–421. Therefore, the Court concludes that attorney's fees of $3,525.75 are reasonable compensation for services rendered in this matter.

**D.     Social Security Administration's Liability for the Award**

The SSA released the portion of past due benefits withheld for attorney fees to the plaintiff. [Record No. 26, p. 3] Because the United States government has not waived its sovereign immunity, the agency is not liable to Cybriwsky for the fee award. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983). Under P.O.M.S. GN 03920.055(D), the attorney should contact the plaintiff to collect his fee. If he is unsuccessful, he should pursue administrative remedies. *Watkins v. Astrue*, No. 09-163-JBC, 2012 WL 4748826, at *3 (E.D. Ky. Oct. 4, 2012).

**IV.**

Cybriwsky will be awarded $3,525.75 in fees under 42 U.S.C. § 406(b)(1)(A). However, the Court cannot order a direct payment from the Social Security Administration. As a result, Cybriwsky must attempt to collect these fees from the plaintiff. Accordingly, it is hereby

**ORDERED** that Plaintiff Edith Mae Layne's motion for fees and costs [Record No. 22] is **GRANTED**, in part, and **DENIED**, in part. An attorney fee award in the amount of $3,525.75 is **APPROVED** herein.

This 2nd day of September, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge